AUSTIN P. NAGEL, ESQ.
California State Bar #118247
GRACE E. FELDMAN, ESQ.
California State Bar #261936
LAW OFFICES OF AUSTIN P. NAGEL
111 Deerwood Road, Suite 388
San Ramon, California 94583
Telephone: (925) 855-8080
Facsimile: (925) 855-8090

Attorney for Plaintiff,
WELLS FARGO CARD SERVICES

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br>MELVIN OTT MANNING<br>and FRIEDA D. MANNING,<br><br>    Debtors.<br>_____/ | Case No. 10-52343 ASW<br><br>Adversary No. |
| WELLS FARGO CARD SERVICES,<br><br>    Plaintiff,<br>v.<br><br>MELVIN OTT MANNING,<br><br>    Defendants.<br>_____/ | **COMPLAINT TO DETERMINE**<br>**DISCHARGEABILITY OF DEBT** |

    WELLS FARGO CARD SERVICES (hereinafter referred to as "Plaintiff") respectfully represents the following:

**BACKGROUND INFORMATION**

    1.    Defendant, MELVIN OTT MANNING (hereinafter referred to as "Defendant")

1

filed a Voluntary Petition for Relief under Chapter 13, Title 11, of the United States Code on March 10, 2010.

2. Plaintiff is the owner and holder of an unsecured claim against the Defendant.

3. This is an adversary proceeding in which Plaintiff is objecting to the discharge of the Defendant in connection with debts they incurred with the Plaintiff, only. The above-entitled Court has jurisdiction over this adversary proceeding pursuant to the applicable provisions contained in Title 28, §1334 of the United States Code and Title 11, §523 of the United States Code. This adversary proceeding is a core proceeding under 28 U.S.C. §157.

4. Plaintiff is, and at all times herein mentioned was a Federally Chartered Bank. At all relevant times herein, Plaintiff was and is authorized to do business in the State of California and within this judicial district. Plaintiff is a creditor of Defendant's estate.

5. Defendant is, and at all times herein mentioned were, individuals and residing in the County of Santa Clara, State of California, and is the Debtor in the within Chapter 13 bankruptcy action.

6. Plaintiff has attempted to resolve this matter prior to filing this complaint, by contacting the Defendant's attorney.

7. Plaintiff granted to Defendant an extension of credit in the form of a credit card bearing account number XXXXXXXXXXXX8372, that has become the subject of this action.

8. During the period between December 17, 2010 and February 6, 2010, Defendant made cash advances on said credit card totaling $9,500.00.

9. Under and pursuant to the applicable provisions of the Agreement, Plaintiff was provided with the remedy of being able to recoup its collection costs and attorneys' fees. Therefore, under and pursuant to Defendant's default under the prevailing Agreement, Defendant is obligated to pay the attorneys' fees and other reasonable costs which Plaintiff has incurred, and will continue

to incur, in the prosecution of this action as a direct and proximate result of Defendant's breach of the parties' contractual agreement.

## CLAIMS FOR RELIEF

### COUNT ONE
[11 U.S.C. §523(a)(2)(C)(i)(II)]

10. Plaintiff herein incorporates by reference, Paragraphs 1 through 9 of this Complaint.

11. During the period between December 17, 2010 and February 6, 2010, Defendant made cash advances to himself totaling $9,500.00.

12. Plaintiff has a claim of $10,030.78 against Defendant, of which $9,500.00, if not more, are related to cash advances made by Defendant within 90 days of Defendant's current bankruptcy and as such, such cash advances are presumed to be non-dischargable.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

### COUNT TWO
[11 U.S.C. §523(a)(2)(A)]

13. Plaintiff herein incorporates by reference, Paragraphs 1 through 12 of this Complaint.

14. At the time Defendant drew on the credit card, he was cognizant of his inability to repay the funds borrowed.

15. Pursuant to In re Dougherty, 84 B.R. 653 (9th Cir. 1998), Courts may consider twelve factors or the totality of the circumstances to help determine a debtor's state of mind regarding an intention to repay.

16. The factors in Dougherty relevant to this case are:

(a) the time between the upaid charges and the bankruptcy filing; the number and amount of charge made;

3

(b) the debtor's payment and debt incurrence history;

(c) whether the charges exceed the debtor's credit limit;

(d) whether the debtor incurred multiple charges on the same day;

(e) whether there was a sudden change in the debtor's buying habit; and

(f) whether the purchases were made for luxuries or necessities.

17. By obtaining and/or accepting an extension of credit from Plaintiff and incurring charges on this account, Defendants represented an intention to repay the amounts charged (Dougherty, 84 B.R. 653 (9th Cir. 1998).

18. Defendant had to be cognizant of the fact that he did not have the ability to repay the debts in full to Plaintiff based upon his debt to Plaintiff and other creditors.

19. By reason of the foregoing, Defendant obtained money from the Plaintiff through false pretenses, false represenations and actual fraud.

20. Defendant, therefore, had a specific intent to defraud Plaintiff by accepting the benefits of the cash advances without ever intending to repay same.

21. Defendant's actions constitute material misrepesentations of the facts.

22. Defendant intended for Plaintiff to rely on those misrepresentations.

23. Plaintiff did rely upon Defendant's misrepresentations of repayment and was induced to lend money to Defendant by those misrepresentations.

24. Plaintiff reasonably relied on Defendant's misrepresentations.

25. As a result of Defendant's conduct, Plaintiff has suffered damages in the amount of $9,500.00.

26. Pursuant to 11 U.S.C. §523(a)(2)(A), Defendant should not be granted a discharge of this debt to Plaintiff in the amount of $9,500.00.

WHEREFORE, FOR THE REASONS SET FORTH ABOVE, PLAINTIFF

4

RESPECTFULLY PRAYS FOR JUDGMENT AGAINST DEFENDANT AS FOLLOWS:

**ON ALL COUNTS**:

1. A monetary judgment against Defendant in the amount of $9,500.00, plus accrued interest at the contractual rate from March 10, 2010, plus additional interest at the contractual rate, which will continue to accrue until the date of judgment herein;

2. An order determining that such debt is non-dischargeable under 11 U.S.C. §523(a)(2);

3. An order awarding Plaintiff its attorneys' fees and costs incurred herein; and

4. That the Court award such other and further relief as it may deem just and proper.

Dated: June 22, 2010
LAW OFFICES OF
AUSTIN P. NAGEL

By /s/ Grace E. Feldman
Attorneys for Plaintiff,
WELLS FARGO CARD SERVICES

WFCSBK.09 COMPLAINT