| | |
|---|---|
| James J. Gold 80100<br>Norma L. Hammes 80149<br>GOLD and HAMMES, Attorneys<br>1570 The Alameda, #223<br>San Jose, CA 95126<br>(408) 297-8750<br><br>Attorneys for Defendant | |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Melvin Ott Manning<br>    and<br>Frieda Daryoush Manning<br>                    Debtors | Chapter 13<br>Case No. 10-5-2343 ASW<br>Ref. No. 10-05211<br><br>Status Conference:<br>    Date: October 29, 2010<br>    Time: 2:15 p.m.<br>Judge Arthur S. Weissbrodt |
| Wells Fargo Card Services<br><br>                    Plaintiff<br>v.<br><br>Melvin Ott Manning<br><br>                    Defendant | |

## ANSWER

The Defendant answers the Complaint as follows:

1. The allegations contained in the following paragraphs are affirmed in their entirety: 1, 2, 3, 5, and 7.

2. The allegations contained in the following paragraphs are denied in their entirety: 14 through 26 inclusive.

3. Regarding the allegations in paragraph 4, the Defendant admits that Plaintiff is a creditor of the Defendant, but denies all other allegations made in this paragraph due to the Defendant's ignorance regarding these allegations.

1

4.  Regarding the allegations in paragraph 6, the Defendant admits that Plaintiff's attorney sent a fax to Defendant's attorney on June 8, 2010, inquiring about the matter, but denies that this was an attempt to resolve this matter.

5.  Regarding the allegations in paragraphs 8 and 11, the Defendant admits that the $9,500 in cash advances were made starting with $1,000 on December 17, 2009, and ending with $1,000 on February 8, 2010, not February 6 as alleged.

6.  Regarding the allegations in paragraph 9, the Defendant denies them in their entirety and furthermore denies the existence of any contract executed by the Defendant (which is referred to in this paragraph as the "Agreement") containing any terms of the nature alleged in this paragraph.

7.  Regarding the allegations in paragraph 12, the Defendant admits the amounts stated and their approximate dates, and the existence of the presumption, but denies anything else alleged or impliedly alleged.

8.  At all times surrounding these transactions the intention of the Defendant was to repay these funds to the Plaintiff.

9.  At no time did the Defendant make any representation to the Plaintiff regarding the transactions subject of this complaint.

10. At no time did the Plaintiff rely on any representations of the Defendant regarding any of these transactions.

11. The automated procedures established by the Plaintiff for the processing of these transactions were such that the Defendant was physically incapable of making any representations to the Plaintiff regarding any of these transactions.

12. The automated procedures established by the Plaintiff for the processing of these transactions were such that the Plaintiff was physically incapable of receiving any representations of the Defendant regarding any of these transactions, even had any representations been made by the Defendant.

13. The automated procedures established by the Plaintiff for the processing of these transactions were such that the Plaintiff was physically incapable of analyzing any representations of the Defendant regarding any of these transactions, even had any representations been received by the Plaintiff and even had any representations been made by the Defendant.

14. The automated procedures established by the Plaintiff for the processing of these transactions were such that the Plaintiff was physically incapable of relying on any representations of the Defendant regarding any of these transactions, even had any representations been received by the Plaintiff and even had any representations been made by the Defendant.

15. This obligation is an action for "a determination of dischargeability of a consumer debt under subsection (a)(2) of," 11 U.S.C. 523, and as such the Debtor is entitled to payment of costs and attorneys' fees for its defense.

WHEREFORE, the Defendant prays that the Court order

1. That the relief requested in the complaint be denied;

2. That the dischargeability of the Plaintiff's entire obligation be affirmed;

3. That under 11 U.S.C. 523(d) the Plaintiff pay to the Defendant or to the Defendant's attorneys the costs and attorneys' fees for defense of this complaint;

4. That the Plaintiff be chastened for bringing a complaint which it knew or should have known did not have all of the elements required to prove it; and

5. That the Defendant be compensated to the fullest extent of the Court's reasonable power for having to defend against this unprovable complaint.

Respectfully submitted,

Dated: July 23, 2010

James J. Gold
GOLD and HAMMES,
Attorneys for the Defendant

Case: 10-05211   Doc# 5   Filed: 07/23/10   Entered: 07/23/10 15:54:26   Page 3 of 4

(408) 297-8750  #80100 & 80149
James J. Gold
Norma L. Hammes
GOLD and HAMMES, Attorneys
1570 The Alameda, Suite 223
San Jose, CA 95126
Attorneys for the Debtors

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:

Melvin Ott Manning
Frieda Daryoush Manning

Debtors                           /

Chapter 13
Case No. 10-5-2343 ASW

CERTIFICATE OF SERVICE RE
ANSWER

I, the undersigned, declare that I am employed in the County of Santa Clara. I am over the age of 18 years and not a party to the within entitled action. My business address is 1570 The Alameda, Suite 223, San Jose, California.

On July 23, 2010, I served the within ANSWER by placing a true copy thereof in a sealed envelope with postage thereon prepaid in the United States Mail at San Jose, California, addressed as follows:

Grace Feldman
Law Offices of Austin P. Nagel
111 Deerwood Road, #388
San Ramon, CA 94583

I declare, under penalty of perjury, that the foregoing is true and correct. Executed on July 23, 2010, at San Jose, California.

Dated: July 23, 2010