James J. Gold    80100
Norma L. Hammes  80149
GOLD and HAMMES, Attorneys
1570 The Alameda, #223
San Jose, CA 95126
(408) 297-8750

Attorneys for Defendant

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Melvin Ott Manning<br>    and<br>Frieda Daryoush Manning<br>              Debtors | Chapter 13<br>Case No. 10-5-2343 ASW<br>Ref. No. 10-05211<br><br>Status Conference:<br>    Date: October 29, 2010<br>    Time: 2:15 p.m.<br>Judge Arthur S. Weissbrodt |
| Wells Fargo Card Services<br>                    Plaintiff<br>    v.<br>Melvin Ott Manning<br>                    Defendant | |

## CASE MANAGEMENT CONFERENCE STATEMENT

Counsel for the Defendant presents the following Case Management Conference Statement:

1. <u>A statement of the date and time that counsel conferred as required by this order</u>: Counsel for the Defendant and counsel for the Plaintiff have discussed aspects of this matter at various times since the filing of the complaint, but owing to a lack of familiarity with the fine details of the process, counsel for the Defendant did not record the dates or times of these conversations. The last conversation was held between Mr. Nagel and counsel on Wednesday, October 20, at approximately 2:20 p.m., when the issues raised by the complaint were dis-

1

cussed.

2. <u>A concise statement summarizing each legal theory on which the plaintiff or defendant relies and a brief general statement of the facts which support this theory</u>: Plaintiff believes that this is a standard credit card cash advance matter, with standard presumptions regarding a transfer of funds due to misrepresentation by the Defendant and reliance by the Plaintiff. Defendant contends that in the transactions described in the complaint, there were no representations by the Defendant, and no reliance by the Plaintiff, and that in fact the Plaintiff retained full control of the funds subject of the described transactions before, during, and after the transactions and that in fact there were no "cash advances" involved at all.

3. <u>The position of the parties with respect to Bankruptcy Rules 7008 and 7012(b)</u>: This is a core proceeding and jurisdiction is proper. Regarding the other aspects of these rules, counsel for the Defendant takes no position at this time.

4. <u>Proposed discovery and proposed cut-off dates for discovery and pre-trial motions</u>: The Defendant has responded to the Plaintiff's (first) Requests for Admissions. Counsel for the Defendant is in the process of preparing requests for admissions, requests for production of documents, and interrogatories, but in order to set these up so that they are precisely targeted and so that they create only a minimal inconvenience for the Plaintiff, they have to be drafted carefully. Additionally, since these transactions were all performed using the Plaintiff's online banking programs, it can be expected that the Plaintiff will resist responding to discovery requests and the anticipation of this resistance requires that each request be drafted so that its need can be demonstrated to the Court.

At this time, it appears that to be properly targeted, discovery will probably require an initial phase of data gathering involving a small number of individual requests, the responses to which will help frame a small second-phase set of requests. Since the Plaintiff will have thirty days to respond in each phase, the Case Management Conference should probably be continued for 90 days or so with

the expectation that at that time another continuance may be needed, but that at least the timing will be clearer at that time.

5. <u>The estimated time for trial and desired trial date</u>:  Until the end of discovery is in sight, neither of these can be estimated.  If the Defendant's discovery reveals facts that counsel for the Defendant anticipates, this matter may be resolved by a motion for summary judgment.

6. <u>Whether alternative dispute resolution is desired by the parties</u>:  At this time the facts are not seen in the same way by both parties, and so ADR would be a source of frustration.

### Comment by Counsel for the Defendant

As the Court and opposing counsel are aware, counsel for the Defendant does not routinely handle dischargeability complaints, but on review, the facts of this particular matter do not seem to place it into the stereotypical pre-petition cash-advance mold.  It will be the objective of counsel for the Defendant to show that the very nature of the transactions involved, as a case of first impression, the presumptions are overcome and that the Defendant's debt to the Plaintiff will be determined to be dischargeable.  Of course it is possible that the decision will not go that way and that this case will simply help define what is a nondischargeable cash advance.

### Conclusion

This Case Management Conference should be continued for 90 to 120 days so that discovery can be gotten underway.

Respectfully submitted,

Dated: October 22, 2010

James J. Gold
Counsel for the Defendant

3

Case: 10-05211    Doc# 9    Filed: 10/22/10    Entered: 10/22/10 17:19:47    Page 3 of 4

(408) 297-8750  #80100 & 80149
James J. Gold
Norma L. Hammes
GOLD and HAMMES, Attorneys
1570 The Alameda, Suite 223
San Jose, CA 95126
Attorneys for the Debtors

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:

Melvin Ott Manning
Frieda Daryoush Manning

Debtors                              /

Chapter 13
Case No. 10-5-2343 ASW

CERTIFICATE OF SERVICE RE
CASE MANAGEMENT CONFERENCE
STATEMENT

I, the undersigned, declare that I am employed in the County of Santa Clara. I am over the age of 18 years and not a party to the within entitled action. My business address is 1570 The Alameda, Suite 223, San Jose, California.

On October 22, 2010, I served the within CASE MANAGEMENT CONFERENCE STATEMENT by placing a true copy thereof in a sealed envelope with postage thereon prepaid in the United States Mail at San Jose, California, addressed as follows:

Austin P. Nagel / Grace Feldman
Law Offices of Austin P. Nagel
111 Deerwood Road, #388
San Ramon, CA 94583

I declare, under penalty of perjury, that the foregoing is true and correct. Executed on October 22, 2010, at San Jose, California.

Dated: October 22, 2010