1  James J. Gold        80100
   Norma L. Hammes   80149
2  GOLD and HAMMES, Attorneys
   1570 The Alameda, #223
3  San Jose, CA 95126
   (408) 297-8750
4
   Attorneys for Defendant
5

6

7                UNITED STATES BANKRUPTCY COURT

8                NORTHERN DISTRICT OF CALIFORNIA

9
   In re:                              Chapter 13
10                                     Case No. 10-5-2343 ASW
   Melvin Ott Manning                  Ref. No. 10-05211
11        and
   Frieda Daryoush Manning             Hearing:
12                  Debtors              Date:  December 12, 2010
                                         Time:  1:45 p.m.
13 ─────────────────────────────       Judge Arthur S. Weissbrodt

14 Wells Fargo Card Services

15              Plaintiff

16    v.

17 Melvin Ott Manning

18              Defendant

19

20      OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

21        The Defendant presents the following opposition to the Plaintiff's motion for

22 summary judgment:

23        1.     On September 3, 2010, Plaintiff, Wells Fargo, served the Defendant

24 with Plaintiff's First Request for Admissions (the "Admissions").

25        2.     Responses to the Admissions were due on or about October 7, 2010,

26 the Thursday before the Columbus Day holiday, Monday, October 11.

27        3.     On October 13 the Defendant served on counsel for the Plaintiff the

28 Defendant's Responses to the Admissions (the "Responses"), a true and correct

                                        1

copy of which (including its transmittal letter) are attached hereto.

4.      As can readily be seen from the Responses, they are not simply categorical denials of the Admissions but are truly responsive to the Admissions propounded and are intended to be helpful to the Plaintiff's understanding of the Defendant's position on the issues.

5.      Two days subsequent to service of the Responses, and probably contemporaneously with their receipt, counsel for the Plaintiff prepared and filed the instant motion.

6.      The motion for summary judgment is supported by the declaration of Melissa Lavell, Court Document No. 6-2. In it, Ms Lavell makes the hearsay state-ment that "[o]n October 8, 2010, Plaintiff's counsel called the Law Offices of Gold and Hammes to advise that the time to respond had expired and to request that the responses be served." Having reviewed the website of the State Bar of California to determine that Ms Lavell does not appear on its records as an attorney, it is clearly beyond the personal knowledge of Ms Lavell that Plaintiff's counsel made such a call. It is true, however that as of the date of Ms Lavell's declaration no request for an extension of time to respond was made, but that is because by the time of her declaration the Responses had been in the mail for two days, and may well have already been delivered to her office.

7.      Accordingly, since the Admissions were responded to, there are genuine issues of material fact in this matter and the motion for summary judgment must be denied.

Respectfully submitted,

Dated: October 26, 2010

James J. Gold
Counsel for the Defendant

I declare under penalty of perjury that on October 13, 2010, the Defendant, Melvin Ott Manning, signed the Defendant's Responses to Requests for Admissions, a true

2

1  and correct copy of which is appended hereto, and that on that same date I mailed
2  the same, along with the original of the transmittal letter, a true and correct copy
   of which is also appended hereto, to Counsel for the Plaintiff just as addressed on
3  the transmittal letter.

4  Dated: October 26, 2010

5  _____
   James J. Gold

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# GOLD AND HAMMES
## ATTORNEYS

JAMES J. GOLD

NORMA L. HAMMES

SUITE 225

1570 THE ALAMEDA

SAN JOSE, CALIFORNIA 95126

408.297.8750

FAX 408.297.1189

October 13, 2010

Austin P. Nagel
Law Offices of Austin P. Nagel
111 Deerwood Road, #305
San Ramon, CA 94583

In re:    Our clients, Melvin Ott Manning and Frieda Daryoush Manning
          Bankruptcy Case No. 10-5-2343 ASW
          Your client, Wells Fargo Card Services

Dear Austin:

Here are our responses to your requests for admissions.

From looking at what you were asking, I have the impression from your Requests 26 and 35 through 40 that you think that Mr. Manning met with us and after deciding to file a Chapter 13 case, he ran up the charges. This is not correct.

The first contact our office had with the Mannings was when Frieda Manning called us on January 25, 2010, and made an appointment to meet on February 8. The February 8 meeting was only with Frieda. Melvin did not come with her.

It is frequently the case that one spouse will set up and attend an initial interview with us and then go home afterward to tell the other spouse what they learned. We have seen often enough that the first time the other spouse learns that they were exploring ways of dealing with the family's financial problems (and actually met with an attorney!) is only after the initial meeting with us has taken place.

It is also our practice not to give advice to prospective clients when they first call for an appointment. We have a policy that until an attorney actually meets with a prospective client and has learned what their situation is, we may do more harm than good by telling them what to do when they first telephone us. The idea is that we should not be seen as telling a prospective client to change their financial position at all prior to us understanding that a change we suggest would help them, and not harm them.

Now obviously, if someone were to call in and ask if they should begin running up their credit card balances, or even if they should continue charging beyond their normal ordinary usage, we would caution them against doing so. And on the other hand, if we were asked whether they should continue using their credit card for paying for gas for their car or buying groceries at Safeway as they had been doing for years, we would probably tell them not to change their long-standing pattern until just before they filed. Our theory is not to change the status quo over the phone, and certainly not to make their situation worse.

At the February 8 meeting, a second appointment was made for March 2, 2010, and at that meeting also, Frieda was the only spouse present. Melvin did come into our office to participate in the mandatory credit counseling session and to review and sign the petition and schedules on March 10, the day we filed their case. I can't be sure about any contact with Melvin between March 2 and March 10, but my guess is that the first time he came to our office or spoke with anyone here was when he came in on March 10.

You will probably wish to follow up on this through additional discovery, but I thought I'd help you get a better picture so that you can be more focused.

Also, Requests 27 through 32 tend to imply that this account was newly-opened and that just before bankruptcy the balance was ramped up with only a single minimum payment ever made on the account. My understanding is that the account was opened in March 2008 with early balance transfers (and maybe other charges) totaling about $13,000 which were paid down to zero well before the charges you are concerned about.

Further, during the time of the transactions you are dealing with, the first bill Wells Fargo sent out with any payment due was the January 5 one which required a $256.00 minimum payment due by February 1, 2010. The February 3 bill shows that Mr. Manning made the requested $256.00 payment on the due date of February 1, on time. The February 3 bill set a due date of February 28 for the next minimum payment of $407.00, which was, as you know, not paid, and the March 3 bill shows a $39.00 late fee.

The Mannings' Chapter 13 case was filed on March 10, so no later payments were made.

The last charge on the account by Melvin Manning was on February 6, two days before Frieda Manning came into our office for her initial appointment. There may be some relationship between the two events, or there may not, but I thought that you should be aware of the chronology.

We are in the process of preparing out own discovery for Wells Fargo which you should receive shortly.

Very truly yours,

GOLD and HAMMES

James J. Gold

```
1   James J. Gold      80100
    Norma L. Hammes    80149
2   GOLD and HAMMES, Attorneys
    1570 The Alameda, #223
3   San Jose, CA 95126
    (408) 297-8750
4
    Attorneys for Defendant
5

6

7
                    UNITED STATES BANKRUPTCY COURT
8
                    NORTHERN DISTRICT OF CALIFORNIA
9
    In re:                              Chapter 13
10                                      Case No. 10-5-2343 ASW
    Melvin Ott Manning                  Ref. No. 10-05211
11       and
    Frieda Daryoush Manning             Status Conference:
12                     Debtors            Date:  October 29, 2010
                                          Time:  2:15 p.m.
13                                      Judge Arthur S. Weissbrodt

14  Wells Fargo Card Services

15                 Plaintiff

16       v.

17  Melvin Ott Manning

18                 Defendant

19

20     DEFENDANT'S RESPONSES TO REQUESTS FOR ADMISSIONS

21       The Defendant responds to the Plaintiff's Requests for Admissions as fol-

22  lows:

23

24              Clarification of Certain Responses

25       The term "Cash Advance" has been defined on page 3, paragraph H, of the

26  PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS:

27       "Cash Advance" or "cash advances" means obtaining funds from a credit, charge or
         line of credit account through the use of a check, convenience check, access check,
28       credit check, counter check, automated teller or credit card.
```

1

In those responses below where the response is "Denied*" [the word "Denied" with an asterisk ("*") appended and underlined], the response must be read with the Plaintiff's particular definition in mind. In each of the responses so stated, while the Defendant denies that the event involved was a "cash advance" as defined above by the Plaintiff, the dates and dollar-amounts stated regarding the event are admitted as being correct.

Similarly, the term "Charge" has been defined on page 3, paragraph G, of the PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS:

> "Charge" and "Charges" referring to a use of credit means cash advances or credit for purchases of merchandise, entertainment, services or travel.

In accordance with the Defendant's concerns regarding "cash advances" stated above, whenever the request uses the term "charge(s)" the Defendant's responses must be understood to mean "charge(s)" as that term is normally understood, and not using the Plaintiff's restrictive definition quoted above.

For example, in the response to Request 5, referring to "your charge activity on the Account" the Defendant's response of "Admitted" is not to be taken as an indirect admission that in any event relating to the request at any time did a "cash advance" under the Plaintiff's definition thereof occur. The Defendant's response of "Admitted" is merely an admission that the transactions referenced did take place on the dates and in the dollar-amounts as described by Plaintiff. The other requests to which the term "charge" and its variants are treated by the Defendant in this manner are: Requests 6, 11, 13, 15, 17, 19, 21, 23, 27, 33, 35 through 41, 44 through 54, and 56.

### Responses to Requests for Admission

REQUEST 1.          You opened Wells Fargo card account number XXXX-XXXX-XXXX-8372 (the "Account").

2

RESPONSE: Admitted

REQUEST 2. The monthly account statements for the Account, attached to this Request as Appendix "A" are true and correct copies of the items mailed to you by Plaintiff.

RESPONSE: Admitted as to the single first page of four for the statement for the period of 02/04/2010 to 03/03/2010 (page 6 of Appendix "A"). The other five pages of Appendix "A" appear to be reconstructions of statements, not actual statements, and are thus denied as being copies of items mailed, but are probably accurate in their details. (Appendix "A" is copied at the end of this document for ease of reference.)

REQUEST 3. The Consumer Credit Card Customer Agreement & Disclosure Statement for the Account, attached to this Request as Appendix "B" is a true and correct copy of the item provided to you by Plaintiff.

RESPONSE: Denied. (Appendix "B" is copied at the end of this document for ease of reference.)

REQUEST 4. The balance of the Account as of the date of the filing of your Chapter 13 petition was $10,030.78.

RESPONSE: Admitted

REQUEST 5. The information shown in Appendix "A" accurately reflects your charge activity on the Account.

RESPONSE: Admitted

REQUEST 6. You made, authorized or allowed another to make the charges shown in Appendix "A".

RESPONSE: Admitted

REQUEST 7. You agreed to comply with the terms and conditions of the account agreement attached hereto as Appendix "B".

RESPONSE: Denied

3

REQUEST 8.     You agreed to comply with paragraph 5 of the account agree-
ment attached hereto as Appendix "B" which states:

> (5) PROMISE TO PAY. When you use your account or permit someone else to use it
> for a purchase or cash advance (even if we didn't issue a Card in that person's
> name), you promise to pay us the total amount of the Purchase or Cash Advance.
> You also promise to pay us any Finance Charges and Other Fees and charges that
> may be due under this Agreement. To the extent permitted by applicable law, you
> also promise to pay all costs and expenses, including reasonable attorney's fees,
> that we incur in enforcing this Agreement.

     RESPONSE: Denied

REQUEST 9.     According to your attorney's Disclosure of Compensation under
11 U.S.C. 329 and Bankruptcy Rule 2016(b), you paid the attorney representing
you in this bankruptcy case on or about March 2009, or one year before the date
of filing of your bankruptcy petition.

     RESPONSE: Denied

REQUEST 10.     You participated in credit counseling on March 10, 2010.

     RESPONSE: Admitted

REQUEST 11.     Between December 17, 2009 and February 6, 2010 you used
the Account in six (6) cash advance transactions charging $9,500 on the Account.

     RESPONSE: Denied*

REQUEST 12.     One cash advance in the amount of $1,000 was incurred on or
about December 17, 2009.

     RESPONSE: Denied*

REQUEST 13.     The cash advance incurred on or about December 17, 2009
also incurred an associated cash advance transaction finance charge of $40.

     RESPONSE: Denied*

REQUEST 14.     One cash advance in the amount of $1,500 was incurred on or
about December 24, 2009.

     RESPONSE: Denied*

REQUEST 15.     The cash advance incurred on or about December 24, 2009

4

1  also incurred an associated cash advance transaction finance charge of $60.

2        RESPONSE:  Denied*

3  REQUEST 16.     One cash advance in the amount of $2,000 was incurred on or

4  about January 4, 2010.

5        RESPONSE:  Denied*

6  REQUEST 17.     The cash advance incurred on or about January 4, 2010 also

7  incurred an associated cash advance transaction finance charge of $80.

8        RESPONSE:  Denied*

9  REQUEST 18.     One cash advance in the amount of $2,000 was incurred on or

10  about January 7, 2010.

11        RESPONSE:  Denied*

12  REQUEST 19.     The cash advance incurred on or about January 7, 2010 also

13  incurred an associated cash advance transaction finance charge of $80.

14        RESPONSE:  Denied*

15  REQUEST 20.     One cash advance in the amount of $2,000 was incurred on or

16  about January 11, 2010.

17        RESPONSE:  Denied*

18  REQUEST 21.     The cash advance incurred on or about January 11, 2010 also

19  incurred an associated cash advance transaction finance charge of $80.

20        RESPONSE:  Denied*

21  REQUEST 22.     One online cash advance in the amount of $1,000 was incurred

22  on or about February 6, 2010.

23        RESPONSE:  Denied*

24  REQUEST 23.     The cash advance incurred on or about February 6, 2010 also

25  incurred an associated cash advance transaction finance charge of $40.

26        RESPONSE:  Denied*

27  REQUEST 24.     Of the six (6) cash advances referenced above, four (4) of the

28  cash advances were incurred on or within 70 days before the filing of your bank-

5

ruptcy petition.

RESPONSE:  Denied*

REQUEST 25.      The four (4) cash advances referenced above were incurred on or within 70 days before the filing of your bankruptcy petition and are presumed nondischargeable pursuant to 11 U.S.C. 523(a)(2)(C)

RESPONSE:  Denied

REQUEST 26.      All six (6) of the cash advances referenced above were incurred after you paid the attorney representing you in this bankruptcy case.

RESPONSE:  Denied

REQUEST 27.      You knew you were required to make a minimum payment towards the charges due on the Account upon receipt of the monthly billing statements.

RESPONSE:  Admitted

REQUEST 28.      You made one (1) minimum payment of $256.00 on or about February 1, 2010.

RESPONSE:  Admitted

REQUEST 29.      After the minimum payment referenced above, you made no payment whatsoever on the Account.

RESPONSE:  Admitted.  There was only one payment due date which occurred between the payment I made and the filing of my Chapter 13 case.

REQUEST 30.      As a result of your nonpayment, the Account was assessed a late fee of $39.

RESPONSE:  Admitted

REQUEST 31.      Prior to incurring the aforementioned cash advances, the Account was in good standing.

RESPONSE:  Denied*

REQUEST 32.      Prior to December 17, 2009, the Account had a zero balance.

6

RESPONSE: Denied. On December 17, 2009, the account did have a zero balance, but prior to that date the account had a non-zero balance, including at least a $13,000 prior balance in the first half of 2008 which had been paid down to a zero balance.

REQUEST 33.     The charging activity shown in Appendix "A" is inconsistent with and represents a sudden change from your prior use of the Account.

RESPONSE: Denied

REQUEST 34.     You knew you were required to repay the Plaintiff for all transactions made on the Account.

RESPONSE: Admitted

REQUEST 35.     You contemplated filing bankruptcy prior to making the charges identified in the Complaint.

RESPONSE: Denied

REQUEST 36.     You consulted with an attorney prior to making the charges identified in the Complaint.

RESPONSE: Denied

REQUEST 37.     You paid an attorney prior to making the charges identified in the Complaint.

RESPONSE: Denied

REQUEST 38.     Prior to or during the time you made the charges shown on Appendix "A", you were advised to discontinue any further use of your credit cards.

RESPONSE: Denied

REQUEST 39.     You made the charges shown on Appendix "A" against the advice of your bankruptcy attorney.

RESPONSE: Denied

REQUEST 40.     At the time you made the charges shown on Appendix "A", you

7

were aware that a benefit of filing for bankruptcy protection was the potential discharge of credit card debt.

RESPONSE: Denied

REQUEST 41.     At the time you made the charges shown on Appendix "A", you knew that you would not repay them prior to filing your bankruptcy petition.

RESPONSE: Denied

REQUEST 42.     The information contained in your Statement of Financial Affairs and supporting Schedules filed in this bankruptcy is accurate.

RESPONSE: Admitted

REQUEST 43.     According to Schedule F, you have $172,820 in unsecured, nonpriority debt.

RESPONSE: Admitted

REQUEST 44.     Your Schedules reflect insufficient income and assets from which you could have reasonably expected to repay Plaintiff for the charges on the Account.

RESPONSE: Denied

REQUEST 45.     The charges shown in Appendix "A" were incurred with knowl-edge of your inability to repay them.

RESPONSE: Denied

REQUEST 46.     At the time you incurred the charges shown in Appendix "A", you were aware of your poor financial condition.

RESPONSE: Denied

REQUEST 47.     During the time you incurred the charges shown in Appendix "A", you incurred additional debt in order to repay regular monthly expenses.

RESPONSE: Denied

REQUEST 48.     You had already reached your maximum credit limit on at least one (1) or more of your other credit, charge, or line of credit accounts prior to making any of the charges identified in Appendix "A".

8

RESPONSE: If I had reached my maximum credit limit on any of my accounts, I was unaware of it at the time, and I am unaware of it now, although it is possible that I had in fact reached a maximum credit limit on an account without being aware of it; Denied.

REQUEST 49.     During the time that the charges shown in Appendix "A" were incurred, you utilized funds obtained from at least one (1) or more credit, charge, or line of credit account to remit payments due on at least one (1) or more other credit, charge, or line of credit account.

RESPONSE: Denied

REQUEST 50.     During the time the charges shown in Appendix "A" were made, you substantially increased your use of some or all of your other credit, charge or line of credit accounts.

RESPONSE: Denied

REQUEST 51.     At the time the charges shown in Appendix "A" were made, you did not have the financial ability to make the required payment(s) on the Account under the terms of the account agreement.

RESPONSE: Denied

REQUEST 52.     At the time the charges shown in Appendix "A" were made, you did not have the intent to repay them.

RESPONSE: Denied

REQUEST 53.     You made false representations to Plaintiff with the intention and purpose of deception so that Plaintiff would extend credit that would enable you to charge the cash and services on the Account.

RESPONSE: Denied

REQUEST 54.     You do not dispute that Plaintiff justifiably relied on your mis-representations of your intent and ability to repay the charges you incurred as shown in Appendix "A".

9

1    RESPONSE: Denied

2    REQUEST 55.    As a proximate result of extending credit based on your misrep-

3    resentations, Plaintiff has sustained loss and damages in the amount of

4    $10,030.78 in that it is now unable to collect the balance of the Account.

5    RESPONSE: Denied

6    REQUEST 56.    You incurred the charges shown on Appendix "A" through false

7    pretenses, false representations or actual fraud.

8    RESPONSE: Denied

9    REQUEST 57.    Plaintiff was substantially justified in filing its Complaint.

10    RESPONSE: Denied

11    REQUEST 58.    Your full legal name, redacted social security number and cur-

12    rent address as shown on your Bankruptcy Petition are accurate.

13    RESPONSE: Admitted

14    REQUEST 59.    You read the "Instructions" and "Definitions" accompanying

15    Plaintiff's First Request for Admissions attached hereto.

16    RESPONSE: Admitted

17    The responses above are submitted by the Defendant to the PLAINTIFF'S

18    FIRST REQUEST FOR ADMISSIONS.

19

20    Dated: October 13, 2010

21    _Melvin Manning_
      Melvin Ott Manning,
22    Defendant

23

24

25

26

27

28

10

For 24-Hour Customer Service Call:   1-800-642-4720
TDD for Hearing/Speech Impaired:     1-800-419-2265
Outside the US Call Collect:         1-925-825-7600
Wells Fargo Online :                 wellsfargo.com

Account Number      ████████ 8372

Statement Closing Date      04/03/09
Credit Line                 $16,000
Available Credit            $16,000

Send General Inquiries To:
WELLS FARGO CARD SERVICES PO BOX 10347 DES MOINES, IA 50306

Send Payments To:
WELLS FARGO CARD SERVICES PO BOX 30086 LOS ANGELES, CA 90030-0086

| Account Summary | | Payment Information | |
|---|---|---|---|
| Previous Balance | $0.00 | New Balance | $0.00 |
| - Credits | $0.00 | Scheduled Minimum Payment | $0.00 |
| - Payments | $0.00 | Scheduled Payment Due Date | 04/28/09 |
| + Purchases & Other Charges | $0.00 | | |
| + Cash Advances | $0.00 | | |
| + FINANCE CHARGE | $0.00 | | |
| = New Balance | $0.00 | | |

Rate Information

YOUR RATE MAY VARY ACCORDING TO THE TERMS OF YOUR AGREEMENT.

| Type of Balance | Corresponding ANNUAL PERCENTAGE RATE | Daily FINANCE CHARGE Rate | Average Daily Balance |
|---|---|---|---|
| PURCHASE(S) | 16.60% | .04547% | $0.00 |
| CASH ADVANCE(S) | 20.99% | .05750% | $0.00 |

Composite ANNUAL PERCENTAGE RATE 20.99%          Days in Billing Cycle 00

Wells Fargo News

THANKS TO HISTORICALLY LOW INTEREST RATES
AND LOWER HOME PRICES, NOW MAY BE THE
PERFECT TIME TO PURCHASE A NEW HOME. STOP
INTO YOUR LOCAL BANK STORE TO SPEAK TO A
HOME MORTGAGE CONSULTANT AND RECEIVE UP TO
$1,800 IN HOME-RELATED DISCOUNTS.

Notice About Electronic Check Conversion
When you provide a check as payment, you authorize us either to use information from your check
to make a one-time electronic fund transfer from your account or to process the payment
as a check transaction.   When we use information from your check to make an electronic fund transfer,
funds may be withdrawn from your account as soon as the same day we receive your payment,
and you will not receive your check back from your financial institution.
5596 0000 VFD 1  7  2  090403      Page 1 of 1      5583 2000 R081   01BH559600000000

Account Number      ████████ 8372
New Balance                 $0.00
Scheduled Minimum Payment   $0.00
Scheduled Payment Due Date  04/28/09

VFD4

WELLS FARGO CARD SERVICES               MELVIN O MANNING                 000000
PO BOX 30086                            6224 MERIDIAN AVE
LOS ANGELES, CA 90030-0086              SAN JOSE CA 95120-4915

APPENDIX "A"

```
For 24-Hour Customer Service Call: 1-800-642-4720
TDD for Hearing/Speech Impaired:   1-800-419-2265
Outside the US Call Collect:       1-925-825-7600
Wells Fargo Online :               wellsfargo.com
```

Account Number     8372

```
Statement Closing Date    01/05/10
Credit Line               $16,000
Available Credit          $11,291
```

Send General Inquiries To:
WELLS FARGO CARD SERVICES PO BOX 10347 DES MOINES, IA 50306

Send Payments To:
WELLS FARGO CARD SERVICES PO BOX 30086 LOS ANGELES, CA 90030-0086

| Account Summary | | Payment Information | |
|---|---|---|---|
| Previous Balance | $0.00 | New Balance | $4,708.72 |
| - Credits | $0.00 | Scheduled Minimum Payment | $256.00 |
| - Payments | $0.00 | Scheduled Payment Due Date | 02/01/10 |
| + Purchases & Other Charges | $0.00 | | |
| Cash Advances | $4,500.00 | You may pay your balance in full at any time. To | |
| + FINANCE CHARGE | $208.72 | avoid additional finance charges, pay the New | |
| = New Balance | $4,708.72 | Balance by your Scheduled Payment Due Date. The | |

You may pay your balance in full at any time. To
avoid additional finance charges, pay the New
Balance by your Scheduled Payment Due Date. The
New Balance on this statement does not include
any transactions, finance charges, or fees
billed, or payments/credits made, after the
Statement Closing Date above.

Rate Information

YOUR RATE MAY VARY ACCORDING TO THE TERMS OF YOUR AGREEMENT.

| Type of Balance | Corresponding ANNUAL PERCENTAGE RATE | Daily FINANCE CHARGE Rate | Average Daily Balance |
|---|---|---|---|
| PURCHASE(S) | 19.60% | .05369% | $0.00 |
| CASH ADVANCE(S) | 23.99% | .06572% | $1,324.35 |

Composite ANNUAL PERCENTAGE RATE 55.66%           Days in Billing Cycle 33

Notice About Electronic Check Conversion

When you provide a check as payment, you authorize us either to use information from your check
to make a one-time electronic fund transfer from your account or to process the payment
as a check transaction. When we use information from your check to make an electronic fund transfer,
funds may be withdrawn from your account as soon as the same day we receive your payment,
and you will not receive your check back from your financial institution.

```
5596 0000 VFD 1  7  2  100105        Page 1 of 2      5583 2000 R081  01EH559600000000
```

```
Account Number          8372
New Balance             $4,708.72
Scheduled Minimum Payment   $256.00
Scheduled Payment Due Date  02/01/10
```

VFD4

```
WELLS FARGO CARD SERVICES              MELVIN O MANNING              000000
PO BOX 30086                           6224 MERIDIAN AVE
LOS ANGELES, CA 90030-0086             SAN JOSE CA 95120-4915
```

APPENDIX "A"

Transactions

| Trans | Post  | Reference Number | Description | Credits | Charges |
|-------|-------|------------------|-------------|---------|---------|
| 12/17 | 12/17 | 7446542E0EHM8287D | ONLINE ADVANCE | | 1,000.00 |
| 12/17 | 12/17 | | CASH ADVANCE TRANSACTION*FINANCE CHARGE* | | 40.00 |
| 12/24 | 12/24 | 7446542B7EHM8WVNQ | ONLINE ADVANCE | | 1,500.00 |
| 12/24 | 12/24 | | CASH ADVANCE TRANSACTION*FINANCE CHARGE* | | 60.00 |
| 01/04 | 01/04 | 7446542QMEHM8M9A0 | ONLINE ADVANCE | | 2,000.00 |
| 01/04 | 01/04 | | CASH ADVANCE TRANSACTION*FINANCE CHARGE* | | 80.00 |
|       |       | PERIODIC *FINANCE CHARGE* PURCHASES   $0.00 CASH ADVANCE  $28.72 | | | 28.72 |

Wells Fargo News

Earning cash back is easy|
Just use your Wells Fargo Cash Back(SM) Card and
get a FULL 1% CASH BACK on virtually all your purchases.

Earn even more cash back when you enroll
your Check Cards by calling us at 1-800-642-4720.

Use your cards everyday and watch your cash rewards grow|

APPENDIX "A"

```
For 24-Hour Customer Service Call:   1-800-642-4720
TDD for Hearing/Speech Impaired:     1-800-419-2265
Outside the US Call Collect:         1-925-825-7600
Wells Fargo Online :                 wellsfargo.com

Account Number    ▓▓▓▓▓▓▓▓▓▓▓▓ 8372

Statement Closing Date         02/03/10
Credit Line                    $16,000
Available Credit               $7,228

Send General Inquiries To:
WELLS FARGO CARD SERVICES PO BOX 10347 DES MOINES, IA 50306

Send Payments To:
WELLS FARGO CARD SERVICES PO BOX 30086 LOS ANGELES, CA 90030-0086
```

| Account Summary | | Payment Information | |
|---|---|---|---|
| Previous Balance | $4,708.72 | New Balance | $8,771.70 |
| - Credits | $0.00 | Scheduled Minimum Payment | $407.00 |
| - Payments | $256.00 | Scheduled Payment Due Date | 02/28/10 |
| + Purchases & Other Charges | $0.00 | | |
| - Cash Advances | $4,000.00 | | |
| + FINANCE CHARGE | $318.98 | | |
| = New Balance | $8,771.70 | | |

You may pay your balance in full at any time. To avoid additional finance charges, pay the New Balance by your Scheduled Payment Due Date. The New Balance on this statement does not include any transactions, finance charges, or fees billed, or payments/credits made, after the Statement Closing Date above.

Rate Information

YOUR RATE MAY VARY ACCORDING TO THE TERMS OF YOUR AGREEMENT.

| Type of Balance | Corresponding ANNUAL PERCENTAGE RATE | Daily FINANCE CHARGE Rate | Average Daily Balance |
|---|---|---|---|
| PURCHASE(S) | 13.60% | .03769% | $0.00 |
| CASH ADVANCE(S) | 23.99% | .06572% | $8,341.80 |

Composite ANNUAL PERCENTAGE RATE 45.89%                     Days in Billing Cycle 29

### Notice About Electronic Check Conversion

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

```
5596 0000 VFD 1  7  2 100203      Page 1 of 2      5583 2000 R081  01BH559600000000
```

```
Account Number    ▓▓▓▓▓▓▓▓▓▓▓▓ 8372
New Balance                    $8,771.70
Scheduled Minimum Payment        $407.00
Scheduled Payment Due Date     02/28/10
```

VFD4

```
WELLS FARGO CARD SERVICES              MELVIN O MANNING              000000
PO BOX 30086                           6224 MERIDIAN AVE
LOS ANGELES, CA 90030-0086             SAN JOSE CA 95120-4515
```

# APPENDIX "A"

Additional Information Regarding
Account Number                    0 8372                                    WELLS FARGO
Statement Closing Date:      02/03/10

Transactions

| Trans | Post | Reference Number | Description | Credits | Charges |
|-------|------|------------------|-------------|---------|---------|
| 01/07 | 01/07 | 7446542QPEHM8XNBA | ONLINE ADVANCE | | |
| 01/07 | 01/07 | | CASH ADVANCE TRANSACTION*FINANCE CHARGE* | | 2,000.00 |
| 01/11 | 01/11 | 7446542QWEHM8SRZW | ONLINE ADVANCE | | 80.00 |
| 01/11 | 01/11 | | CASH ADVANCE TRANSACTION*FINANCE CHARGE* | | 2,000.00 |
| 02/01 | 02/01 | 7446542DH0A8SXSNS | ONLINE PAYMENT | | 80.00 |
| | | | PERIODIC *FINANCE CHARGE* PURCHASES    $0.00 CASH ADVANCE $158.98 | 256.00 | |
| | | | | | 158.98 |

Wells Fargo News

                    YOUR YEAR END CREDIT CARD SUMMARY IS NOW AVAILABLE ONLINE.
              PLEASE REMEMBER TO DOWNLOAD YOUR COPY BY APRIL 15, 2010.
              TO ACCESS YOUR SUMMARY, SIMPLY SIGN ON AT WELLSFARGO.COM,
              CLICK ON THE ACCOUNT SERVICES TAB AND SELECT THE CREDIT
              CARD SERVICE CENTER LINK.   IF YOU NEED HELP ACCESSING
                    YOUR SUMMARY, PLEASE CALL US AT 1-800-642-4720.

                          Earning cash back is easy!
              Just use your Wells Fargo Cash Back(SM) Card and
              get a FULL 1% CASH BACK on virtually all your purchases.

                    Earn even more cash back when you enroll
                  your Check Cards by calling us at 1-800-642-4720.

                Use your cards everyday and watch your cash rewards grow!

5596 0000 VFD 1   7  2  100203          Page 2 of 2          5583 2000 R081   01BH559600000000


APPENDIX "A"

Case: 10-05211    Doc# 10    Filed: 10/27/10    Entered: 10/27/10 16:14:15    Page 20 of 26

WELLS FARGO

## VISA

| | | |
|---|---|---|
| Account Number | Ending in 8372 |
| Statement Billing Period | 02/04/2010 to 03/03/2010 |
| Page 1 of 4 | |

### Balance Summary

| | |
|---|---|
| Previous Balance | $8,771.70 |
| − Payments | $0.00 |
| − Other Credits | $0.00 |
| ■ Cash Advances | $1,000.00 |
| − Purchases, Balance Transfers & Other Charges | $0.00 |
| + Fees Charged | $79.00 |
| + Interest Charged | $186.03 |
| = New Balance | $10,036.78 |
| Total Credit Limit | $16,000 |

| | |
|---|---|
| 24-Hour Customer Service: | 1-800-642-4720 |
| TDD for Hearing/Speech Impaired: | 1-800-419-2265 |
| Outside the US Call Collect: | 1-925-825-7600 |
| Wells Fargo Online®: | wellsfargo.com |

Send General Inquiries To:
PO Box 10347, Des Moines IA, 50306-0347

Total Available Credit $5,969

### Payment Information

| | |
|---|---|
| New Balance | $10,036.78 |
| Scheduled Minimum Payment | $360.00 |
| Past Due Amount | $407.00 |
| Total Amount Due | $767.00 |
| Scheduled Payment Due Date | 03/28/2010 |

Send Payments To:
PO Box 30086, Los Angeles CA, 90030-0086

**Late Payment Warning:** If we do not receive your Total Amount Due by 03/28/2010, you may have to pay a late fee up to $39. Your Annual Percentage Rates (APRs) may also increase up to the Penalty APR of 27.24%.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay ... | You will pay off the New Balance shown on this statement in about ... | And you will end up paying an estimated total of ... |
|---|---|---|
| Only the minimum payment | 28 years | $27,827 |
| $393 | 3 years | $14,162 (Savings of $13,665) |

If you would like information about credit counseling services, refer to www.usdoj.gov/ust/eo/bapcpa/ccde/cc_approved.htm or call 1-877-285-2108

### Important Information

YOUR ACCOUNT IS PAST DUE. PLEASE CALL 1-800-998-8019 OR VISIT WELLSFARGO.COM TO MAKE A PAYMENT. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

abc

Earning cash back is easy!
Just use your Wells Fargo Cash Back(SM) Card and
get a FULL 1% CASH BACK on virtually all your purchases.
Earn even more cash back when you enroll
your Check Cards by calling us at 1-800-642-4720
Use your cards everyday and watch your cash rewards grow!

### Transactions

| Trans | Post | Reference Number | Description | Credits | Charges |
|---|---|---|---|---|---|
| 02/06 | 02/06 | 7446542DNEHM9PPXR | ONLINE ADVANCE | | 1,000.00 |

**Fees**

| Trans | Post | | Description | | Charges |
|---|---|---|---|---|---|
| 02/06 | 02/06 | | CASH ADVANCE FEE | | 40.00 |
| 03/03 | 03/03 | | LATE FEE | | 39.00 |
| | | | TOTAL FEES FOR THIS PERIOD | | $79.00 |

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION ABOUT YOUR ACCOUNT          Continued ➡

5355   YKG   1   7   2   200303  0        0 PAGE 3 of 4    1 0 5583 3000 8031 000P5356

Detach and mail with check payable to Wells Fargo

| | |
|---|---|
| Account Number | 8372 |
| New Balance | $10,036.78 |
| Scheduled Minimum Payment | $360.00 |
| Past Due Amount | $407.00 |
| Total Amount Due | $767.00 |
| Scheduled Payment Due Date | 03/28/2010  YKG 4 |

076700100307800

Amount Enclosed

WELLS FARGO CARD SERVICES
PO BOX 30086
LOS ANGELES CA 90030-0086

MELVIN O MANNING
6224 MERIDIAN AVE
SAN JOSE CA 95120-4915

Check here and see reverse for address and/or phone number correction.

# APPENDIX "A"



WELLS FARGO

CONSUMER CREDIT CARD
CUSTOMER AGREEMENT & DISCLOSURE STATEMENT
VISA® OR MASTERCARD®

| | Jurisdiction |
|---|---|
| Table of Contents | |
| Notice of California Cardholders | Section 1 |
| Your Contract with Us | Section 10 |
| Changes to this Agreement | Section 11 |
| Transaction & Other Fees and Finance Charges | Section 20 |
| Billing Statements and Payments | Section 22 |
| Other Important Information | Section 24 |
| Arbitration | Section 31 |
| Interpreter Consideration | |

Notice to California Cardholders

APPENDIX "B"

Case: 10-05211   Doc# 10   Filed: 10/27/10   Entered: 10/27/10 16:14:15   Page 22 of 26

APPENDIX "B"

APPENDIX "B"

(408) 297-8750  #80100 & 80149
James J. Gold
Norma L. Hammes
GOLD and HAMMES, Attorneys
1570 The Alameda, Suite 223
San Jose, CA 95126
Attorneys for the Debtors

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

In re:

Melvin Ott Manning
Frieda Daryoush Manning

Debtors                                    /

Chapter 13
Case No. 10-5-2343 ASW

CERTIFICATE OF SERVICE RE
OPPOSITION TO MOTION FOR SUMMARY
JUDGMENT

I, the undersigned, declare that I am employed in the County of Santa Clara. I am over the age of 18 years and not a party to the within entitled action. My business address is 1570 The Alameda, Suite 223, San Jose, California.

On October 27, 2010, I served the within OPPOSITION TO MOTION FOR SUMMARY JUDGMENT by placing a true copy thereof in a sealed envelope with postage thereon prepaid in the United States Mail at San Jose, California, addressed as follows:

> Austin P. Nagel / Grace Feldman
> Law Offices of Austin P. Nagel
> 111 Deerwood Road, #388
> San Ramon, CA 94583

I declare, under penalty of perjury, that the foregoing is true and correct. Executed on October 27, 2010, at San Jose, California.

Dated:  October 27, 2010