James J. Gold    80100
Norma L. Hammes   80149
GOLD and HAMMES, Attorneys
1570 The Alameda, #223
San Jose, CA 95126
(408) 297-8750

Attorneys for Defendant

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| In re: | Chapter 13 |
|---|---|
| Melvin Ott Manning<br>and<br>Frieda Daryoush Manning<br>        Debtors | Case No. 10-5-2343 ASW<br>Ref. No. 10-05211<br><br>Status Conference:<br>   Date: January 7, 2011<br>   Time: 3:00 p.m.<br>   Judge Arthur S. Weissbrodt |
| Wells Fargo Card Services<br>        Plaintiff<br>v.<br>Melvin Ott Manning<br>        Defendant | |

## CASE MANAGEMENT CONFERENCE STATEMENT

Counsel for the Defendant presents the following Case Management Conference Statement:

### Summary

The Plaintiff has propounded its first set of requests for admission, and the Defendant has also done so. Counsel for the Defendant cannot state whether the Plaintiff proceed beyond this initial discovery, but the Defendant has carefully chosen his requests to provide focus for follow-up requests for documents and interrogatories.

Since the Defendant's discovery is at an early stage, this matter should be continued for about 90 days to allow the Plaintiff to admit or deny these requests and then for the next, and more precisely-targeted, phase of discovery to be engaged.

Statement

1. <u>A statement of the date and time that counsel conferred as required by this order</u>: Counsel for the Defendant and counsel for the Plaintiff have continued to discuss this matter from time to time, and will continue to do so. Generally these discussions are at times when both counsel appear on the same calendar and are short. Each counsel appears to expect that discovery will lead to settlement.

2. <u>A concise statement summarizing each legal theory on which the plaintiff or defendant relies and a brief general statement of the facts which support this theory</u>: Plaintiff believes that this is a standard credit card cash advance matter, with standard presumptions regarding a transfer of funds due to misrepresentation by the Defendant and reliance by the Plaintiff. Defendant contends that in the transactions described in the complaint, there were no representations by the Defendant, and no reliance by the Plaintiff, and that in fact the Plaintiff retained full control of the funds subject of the described transactions before, during, and after the transactions and that in fact there were no "cash advances" involved at all.

3. <u>The position of the parties with respect to Bankruptcy Rules 7008 and 7012(b)</u>: This is a core proceeding and jurisdiction is proper. Regarding the other aspects of these rules, counsel for the Defendant takes no position at this time.

4. <u>Proposed discovery and proposed cut-off dates for discovery and pre-trial motions</u>: The Defendant has responded to the Plaintiff's (first) Requests for Admissions. Counsel for the Defendant has prepared requests for admissions, and

2

Case: 10-05211   Doc# 13   Filed: 12/31/10   Entered: 12/31/10 23:09:20   Page 2 of 4

initially was thinking of simultaneous requests for production of documents, and interrogatories, but the burden on both parties and both counsel inherent in contingent requests was deferred in favor of a multi-stage discovery where each state's requests depends on the responses to the previous.

5. <u>The estimated time for trial and desired trial date</u>: Until the end of discovery is in sight, neither of these can be estimated. If the Defendant's discovery reveals facts that counsel for the Defendant anticipates, this matter may be resolved by a motion for summary judgment.

6. <u>Whether alternative dispute resolution is desired by the parties</u>: At this time the facts are not seen in the same way by both parties, and so ADR would be a source of frustration.

## Conclusion

This Case Management Conference should be continued for 90 to 120 days so that discovery can be gotten underway.

Respectfully submitted,

Dated: December 31, 2010

James J. Gold
Counsel for the Defendant

(408) 297-8750  #80100 & 80149  
James J. Gold  
Norma L. Hammes  
GOLD and HAMMES, Attorneys  
1570 The Alameda, Suite 223  
San Jose, CA 95126  
Attorneys for the Debtors

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:

Melvin Ott Manning  
Frieda Daryoush Manning

Debtors                                    /

Chapter 13  
Case No. 10-5-2343 ASW

CERTIFICATE OF SERVICE RE  
Case Management Conference Statement

I, the undersigned, declare that I am employed in the County of Santa Clara. I am over the age of 18 years and not a party to the within entitled action. My business address is 1501 The Alameda, San Jose, California.

On December 31, 2010, I served the within Case Management Conference Statement by placing a true copy thereof with postage thereon prepaid in the United States Mail at San Jose, California, to all parties entitled to receive regularly mailed notices, addressed as follows:

Austin P. Nagel / Grace Feldman  
Law Offices of Austin P. Nagel  
111 Deerwood Road, #305  
San Ramon, CA 94583

If the Chapter 13 Trustee is otherwise entitled to notice, she will receive such notice upon the electronic filing of the above-named document.

I declare, under penalty of perjury, that the foregoing is true and correct. Executed on December 31, 2010, at San Jose, California.

Dated: December 31, 2010